Helena F. Renick v. Commissioner. Ruth C. Hartmann v. Commissioner.
Renick v. Commissioner
Docket Nos. 30291, 30292.
United States Tax Court
1952 Tax Ct. Memo LEXIS 269; 11 T.C.M. (CCH) 327; T.C.M. (RIA) 52091; April 4, 1952
*269 Held: During the taxable years involved there existed an oral agreement between petitioners and their husbands, whereby petitioners' partnership interests in Zuckerman Potato Company were acquired as, or transmuted into, community property, and respondent erred in determining that income derived from this source constituted petitioners' separate income. David Livingston, Esq., 155 Montgomery St., San Francisco, Calif., and Paul K. Webster, C.P.A., for the petitioners. Charles W. Nyquist, Esq., for the respondent. VAN FOSSAN Memorandum Findings of Fact and Opinion Respondent has determined deficiencies in the 1944 and 1945 income tax liability of petitioners as follows: Docket No. 30291, Helena F. Renick
1944
$ 18,806.08
1945
28,705.83
Docket No. 30292, Ruth C. Hartmann
1944
$19,386.43
1945
28,792.58
The issue in each case is whether the income received by petitioners in each of the taxable years from the partnership d/b/a Zuckerman Potato Company, constituted their separate income or was community income of petitioners and their husbands. Findings of Fact The petitioners, Helena F. Renick and Ruth C. Hartmann, are residents *270 of San Francisco, California. They filed their individual income tax returns for the years 1944 and 1945 with the collector of internal revenue for the first district of California. Maurice Zuckerman was the father of the petitioners and one other child, a son, named John. Zuckerman is president of the Weyl-Zuckerman Company, a corporation which is engaged in the farming and produce business. He has held that office since its organization in 1907. In 1924 he owned 30 per cent of its stock. During this year, Zuckerman was contemplating a second marriage, having previously been divorced from his first wife. In order to establish what constituted his separate property as opposed to what might be community property after the marriage, Zuckerman formed a corporation known as M. Zuckerman, Inc., to which he transferred his 30 per cent stock interest in Weyl-Zuckerman Company in exchange for all of its capital stock. The principal asset of M. Zuckerman, Inc., is its Weyl-Zuckerman Company stock. In 1930, Maurice Zuckerman formed a trust for the benefit of his three children (petitioners and their brother, John), and transferred to it his stock in M. Zuckerman, Inc. Under the terms of *271 the trust the stock was to be distributed to the beneficiaries in equal shares when they attained the age of 30 years. Pursuant to such terms, the stock was distributed to the three beneficiaries in 1939 and 1940 upon attainment by them of the prescribed age. Thereafter, up to and including the year 1943, they continued to own the stock in equal shares. Maurice Zuckerman never received any consideration for such stock from his children. Helena F. Renick and W. Leonard Renick were married on January 31, 1941. Since that date they have been domiciliaries of the State of California. At the time of her marriage, Helena F. Renick had two children born of a previous marriage. Prior to her marriage to W. Leonard Renick, Helena F. Renick owned one-third of the outstanding capital stock of M. Zuckerman, Inc. Ruth C. Hartmann and E. D. Hartmann were married August 29, 1942. Since that date they have been domiciliaries of the State of California. At the time of her marriage Ruth C. Hartmann had two children born of a previous marriage. Prior to her marriage to E. D. Hartmann, Ruth C. Hartmann owned one-third of the outstanding capital stock of M. Zuckerman, Inc. The Zuckerman Potato Company, *272 a limited partnership, was formed on February 1, 1943. The character of its business, as stated in the agreement of limited partnership, was the general produce and mercantile business. Maurice Zuckerman, petitioners' father and the president of Weyl-Zuckerman Company, made the decision to form the partnership. He did so because the individuals involved were a family group and he was of the opinion that a partnership fared better than a corporation in so far as taxes were concerned. The principal activity of the Zuckerman Potato Company was farming. It carried on its farming operations in the same general localities that Weyl-Zuckerman Company had conducted farming operations prior to the formation of the partnership, and to a large extent, on lands which had previously been leased by that company. The partnership had 14 members: Of these seven - Ernest Marx, Herbert Zuckerman, Roscoe Zuckerman, Maurice Zuckerman, John Zuckerman, Roy Clark and Edgar Schwartz - were stockholders of Weyl-Zuckerman Company; two others - Ruth Hartmann and Helena Renick, petitioners herein - were stockholders of a corporation which owned Weyl-Zuckerman Company stock; one other - John Von Husen - was an *273 employee of Weyl-Zuckerman Company who had many years of service; and the remaining four partners - Alfred Zuckerman, David Zuckerman, Peter Zuckerman and Dawn Steinhart - were children of stockholders of Weyl-Zuckerman Company. Zuckerman's chief reason for bringing into the partnership the four children of stockholders was to divide up the interests to reduce taxes. Zuckerman made the decision as to the interest that each such member of the partnership was to have. He also determined how the Zuckerman Potato Company partnership was to be financed. Capital contributions of $5,000 were made in the name of each petitioner. The amounts so contributed were obtained by means of loans from M. Zuckerman, Inc. Entries were made on the books of that corporation, under date of February 16, 1943, charging $5,000 to an account in the name of Ruth Hartmann and charging $5,000 to an account in the name of Helena Renick. These accounts were in existence prior to the year 1943. A bookkeeping entry was made reflecting an advance of $10,000 to M. Zuckerman, Inc., by Weyl-Zuckerman Company. Weyl-Zuckerman actually issued a single check in the amount of $50,000 directly to the partnership for the entire *274 capital contribution of all of the 14 partners. Emil D. Hartmann, the husband of Ruth C. Hartmann, did not sign the articles of co-partnership of the Zuckerman Potato Company. He did not sign any note in connection with the borrowing of $5,000 from M. Zuckerman, Inc. At the time the $5,000 was borrowed he did not know the source of the money so borrowed. William Leonard Renick, the husband of petitioner, did not sign the articles of co-partnership of the Zuckerman Potato Company. He did not sign any note in connection with the borrowing of $5,000 from M. Zuckerman, Inc. The agreement of limited partnership of the Zuckerman Potato Company, dated February 1, 1943, and an amendment thereto dated January 31, 1944, were each signed by Ruth Hartmann and Helena Renick. Both are named in the body of each document as limited partners and as having contributed capital to the partnership. Nowhere on either of these instruments does the name of the husband of either of the petitioners appear. The Certificate of Limited Partnership of the Zuckerman Potato Company, required by Section 2478 of the Civil Code of the State of California [1941], listed both petitioners among the partners, *275 and was signed by them. Nowhere on the certificate does the name of the husband of either of the petitioners appear. The Zuckerman Potato Company partnership carried on its books an account in the name of petitioner Hartmann. There was a credit entry to this account dated February 16, 1943, in the amount of $5,000 designated "Capital Investment." Further credit entries entitled "profits" were made in the following total amounts in the years 1943 through 1947: 1943
$ 29,610.23
1944
55,471.76
1945
74,969.57
1946
49,205.44
1947
22,980.28
$232,237.28
The Zuckerman Potato Company partnership also carried on its books an account in the name of petitioner Renick. There was a credit entry to this account dated February 16, 1943, in the amount of $5,000 designated "Capital Investment." Further credit entries entitled "profits" were made in the following total amounts in the years 1943 through 1947: 1943
$ 29,610.23
1944
55,471.76
1945
74,969.57
1946
49,205.44
1947
22,980.28
$232,237.28
During the period between the date of the formation of the partnership, Zuckerman Potato Company, in 1943, and December 31, 1947, withdrawals totaling *276 $230,487.28 were charged to the account of Ruth Hartmann on the books of Zuckerman Potato Company. These withdrawals consisted of the following: Amounts transferred to M. Zucker-
man, Inc.
$151,409.62
Amounts paid to Collector of Int.
Rev.
71,055.90
California and Oregon taxes paid
1,497.07
Other withdrawals
6,524.69
$230,487.28 Both the books of Zuckerman Potato Company and the books of M. Zuckerman, Inc., reflect direct transfers of the amounts totaling $151,409.62 from the account of Ruth Hartmann on the books of Zuckerman Potato Company to her account on the books of M. Zuckerman, Inc. For at least a portion of this amount, various checks were actually issued by Zuckerman Potato Company payable to Ruth Hartmann, which she deposited in a joint checking account maintained by herself and her husband. She then drew on that checking account checks in the same amount payable to M. Zuckerman, Inc., for the purpose of paying off an indebtedness owing to that corporation. During the period between the date of the formation of the Zuckerman Potato Company in 1943 and December 31, 1947, withdrawals totaling $230,487.28 were charged to the account of Helena Renick *277 on the books of Zuckerman Potato Company. These withdrawals consisted of the following: Amounts transferred to M. Zucker-
man, Inc.
$158,204.89
Amounts paid to Collector of Int.
Rev.
65,328.38
California and Oregon taxes paid
1,154.01
Other withdrawals
5,800.00
$230,487.28
On January 1, 1943, the account of Ruth Hartmann on the books of M. Zuckerman, Inc., showed a debit balance of $36,741.91, and the account of Helena Renick showed a debit balance of $30,324.42. These constituted indebtedness of the petitioners to the corporation which arose by reason of amounts advanced to the petitioners by M. Zuckerman, Inc., for payment of taxes and premiums on life insurance policies taken out many years earlier on the life of Maurice Zuckerman. The petitioners were the beneficiaries of such policies. The amounts which the petitioners transferred from their accounts with Zuckerman Potato Company to their account with M. Zuckerman, Inc. were largely used for the retirement of this indebtedness to M. Zuckerman, Inc., for the payment of premiums on the above life insurance policies, for the retirement of life insurance loans, and for taxes. Early in 1943 petitioners *278 orally agreed with their respective husbands that the investment in the partnership here involved was to constitute community property. The petitioners and their spouses each filed separate Federal income tax returns for each of the calendar years 1943, 1944, and 1945. Ruth C. Hartmann and her husband, E. D. Hartmann, each reported one-half of the income from partnership interest in the Zuckerman Potato Company that stood in the name of Ruth Hartmann. Helena F. Renick and her husband, W. Leonard Renick, each reported one-half of the income from the partnership interest in the Zuckerman Potato Company that stood in the name of Helena Renick. Opinion VAN FOSSAN, Judge: The single issue before us in these proceedings is whether income received by petitioners during 1944 and 1945 from the partnership interests standing in their names in Zuckerman Potato Company, constituted, as respondent determined, their separate income, or was, as petitioners contend, community income of petitioners and their husbands. Albeit, as appears in the findings of fact, there are several facts and circumstances which lend strong collateral support to respondent's determination, there is no denial of the *279 testimony of petitioners' witnesses, all agreeing that petitioners and their husbands entered into oral agreements that the property in question was to be community property. This testimony was not weakened by cross-examination, and, although self-serving, it cannot be ignored without a holding that such testimony was false. Such a conclusion is not justified by the record. Moreover, such testimony is supported by the only action in which the question of community rights and interests would be squarely at issue in the minds of petitioners, namely, in the filing of their tax-returns. For the years 1943, 1944, 1945 and 1946, the petitioners and their husbands filed returns on the community basis. This fact outweighs the countervailing evidence that petitioners' position is not consistent with the treatment of income in the books of the company, the signing of the partnership papers by petitioners only, and similar evidence. It is well established that the law of the situs governs and that in California an executed oral agreement is valid to effect a transmutation of separate property into community property or to declare the status of acquired property. Black v. Commissioner, 114 Fed. (2) 355; *280 ; ; and . Such an agreement is established here and the filing of the returns is in consonance with petitioners' contention. On the only issue submitted, we find for the petitioners. Decisions will be entered under Rule 50.